COOLEY LLP
MICHELLE C. DOOLIN (179445)
(mdoolin@cooley.com)
10265 Science Center Drive
San Diego, California  92121-1117
Telephone:   +1 858 550 6000
Facsimile:    +1 858 550-6420

REECE TREVOR (316685)
(rtrevor@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693-2222

Attorneys for Defendant Shake Shack Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIVA COPAKEN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SHAKE SHACK INC.,<br><br>Defendant. | Case No. 2:25-CV-01734<br><br>**DEFENDANT SHAKE SHACK INC.'S NOTICE OF REMOVAL**<br><br>[Removed from the Superior Court of Los Angeles County, California, No. 24STCV33113] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453(b), defendant Shake Shack Inc. ("Shake Shack" or "Defendant") hereby removes the above-captioned civil action from the Superior Court of the State of California, County of Los Angeles (the "Superior Court"), where the action is currently pending, to the United States District Court for the Central District of California, Western Division.  For the reasons set forth below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).  In filing this Notice of Removal, Defendant expressly reserves all rights to respond to and seek dismissal of this lawsuit.

## I.   BACKGROUND

### A.   Nature of the Suit

1.     On December 16, 2024, Plaintiff Aviva Copaken ("Plaintiff") filed a putative class action complaint in the Superior Court of California for the County of Los Angeles, entitled *AVIVA COPAKEN, on behalf of herself and all others similarly situated v. SHAKE SHACK INC.*, Case No. 24CV33113 (the "Complaint" or "Compl.").  A true and correct copy of the Complaint served upon Defendant is attached as **Exhibit 1** to the accompanying Declaration of Michelle C. Doolin ("Doolin Declaration").

2.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the state court and not previously referenced are attached as **Exhibits 1, 2, 3, and 4** to the accompanying Doolin Declaration.

3.     Plaintiff alleges that she is an individual domiciled in Los Angeles, California.  Compl. ¶ 11.

4.     Plaintiff "brings this action on behalf of herself" and a putative class consisting of "[a]ll consumers in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food through Shakeshack.com or the ShakeShack app, and were assessed so-called

'Courier Fee' and/or 'Service Fee.'"  Compl. ¶ 47.  According to Plaintiff, the manner in which Shake Shack discloses these fees conceals "the true costs of its food and delivery service" and "misrepresents the price of any given food item, when in fact those costs are actually higher." *Id.* ¶ 31.  Based on these allegations, she pleads that "Shake Shack deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true charges" in violation of California unjust enrichment principles, the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., California False and Misleading Advertising Laws, Bus. & Prof. Code § 17500, et seq., and California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq.  *Id*. ¶¶ 36, 57–93.

5.     By filing this Notice of Removal, Defendant does not admit that Plaintiff's allegations have any merit whatsoever, and expressly reserves the right to challenge all such allegations on any and all grounds available.

6.     Nothing in this Notice of Removal shall constitute a waiver of Defendant's right to assert any defense or argument, or avail itself of any substantive or procedural right, including but not limited to motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

7.     If the Court considers a remand, Defendant requests the Court issue an order to show cause as to why the case should not be remanded, giving the parties the opportunity to present briefing and argument prior to any remand.

**B.     Removal Is Timely**

8.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). Plaintiff filed the Complaint on December 16, 2024. *See* Doolin Decl., **Exhibit 1**. Plaintiff perfected service on Shake Shack on February 3, 2025, when Defendant executed a Notice and Acknowledgement of Receipt of Summons pursuant to California Code of Civil Procedure section 415.30.  *See* Doolin Decl., **Exhibit 4**. Defendant filed this Notice of Removal within thirty (30) days of service, as required. 28 U.S.C. § 1446(b)(1); *see also, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing,*

*Inc.*, 526 U.S. 344, 347–48 (1999) (timeline to remove begins to run when service perfected under state law); *HMS Cornerstone Sols., Inc. v. Signorelli Co.*, 2017 WL 3433203 (E.D. Cal. Aug. 10, 2017) (when service is made pursuant to California Code of Civil Procedure section 415.30, notice of removal is timely if filed within 30 days of execution of defendant's acknowledgement of service).

## II.   GROUNDS FOR REMOVAL

9.   This Court has jurisdiction over the action under 28 U.S.C. § 1332(d)(2), and the action is removable to this Court pursuant to 28 U.S.C. § 1453(b).

10.   A class action filed in state court is removable to federal district court under the Class Action Fairness Act ("CAFA") if: (1) the putative class includes more than 100 members, (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and (3) "any member of a class of plaintiffs" is diverse "from any defendant" in any one of three statutorily enumerated ways. 28 U.S.C. § 1332(d).  The CAFA requirements are satisfied here.

### A.   This Action Meets the "Class Action" Definition under CAFA.

11.   This action is a "class action." CAFA provides:

[T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]

28 U.S.C. § 1332(d)(1)(B).  CAFA further provides, "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).

12.   Plaintiff filed this action as a putative class action.  *See* Compl. at 1 (titled "Class Action Complaint"); *id*. (Plaintiff "brings this class action complaint . . . ."); *id*. ¶¶ 47– 56 (section entitled "Class Allegations").  Plaintiff also asserts that she seeks to represent a class, defined as "[a]ll consumers in California

who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food through Shakeshack.com or the Shake Shack app, and were assessed so-called 'Courier Fee' and/or 'Service Fee'." *Id*. ¶ 47. Accordingly, the complaint qualifies as a "class action" under CAFA.

### B.    The Proposed Class Exceeds 100 Members.

13.    The Complaint's allegations satisfy the first requirement for removal under CAFA that the putative class includes more than 100 members. 28 U.S.C. § 1332(d)(5). Plaintiff affirmatively asserts that putative class members "are well into the thousands" and that there are "[h]undreds of thousands of Shake Shack customers like Plaintiff." Compl. ¶¶ 7, 49.

14.    Numerous courts have relied on similar allegations in finding that the underlying complaint satisfies CAFA's numerosity requirement. *See, e.g.*, *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (finding numerosity requirement under CAFA was met for jurisdictional purposes by complaint statement seeking to "'provide remedies for hundreds of affected consumers'" and rejecting defendant's contention of indeterminacy with respect to numerosity because complaint stated that the "'exact number'" of class members was unknown); *Tompkins v. Basic Rsch. LLC*, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (finding CAFA numerosity was satisfied for jurisdictional purposes because the allegation "a class of 'thousands of persons'" implies "a logical minimum of 2,000 class members")..

### C.    The Amount in Controversy Exceeds $5 Million.

15.    The Complaint's allegations also satisfy the second requirement for removal under CAFA because the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(6).

16.     To meet the amount in controversy threshold, a notice of removal must include only "'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700 (9th Cir. 2018) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."  *Id.* (emphasis in original); *accord Deehan v. Amerigas Partners, L.P.*, 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

17.     A court may consider various forms of relief sought in the complaint to determine the amount in controversy, including damages, compliance with injunctions, attorneys' fees awarded under fee-shifting statutes or contract, and treble and exemplary damages.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[T]he amount in controversy may include damages, costs of compliance with injunctions, and attorneys' fees awarded under contract or fee shifting statutes[.]"); *see also, e.g.*, *Chess v. CF Arcis IX LLC*, 2020 WL 4207322, at *4 (N.D. Cal. July 22, 2020) ("When available by statute, treble damages can be included in the calculation for the amount in controversy.") (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000)); *Greene v. Wells Fargo Bank, N.A.*, 2019 WL 1331027, at *5 (N.D. Cal. Mar. 25, 2019) ("'It is well established that punitive damages are part of the amount in controversy in a civil action.'") (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)).

18.     Further, a defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages."  *Korn*, 536 F. Supp. 2d at 1204–05 (internal

quotation marks omitted & emphasis in original). Rather, "the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). An assumption may be reasonable where, as here, it is "grounded in real evidence, such as an affidavit . . . ." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

19. In Count I, Plaintiff seeks "disgorgement of all wrongfully obtained fees" through Shake Shack's alleged misrepresentation of fees associated with delivery orders. Compl. ¶ 62. In Count II, Plaintiff alleges that "[b]y falsely marketing its food and food delivery services, Defendant deceived Plaintiff and Class members into making purchases they otherwise would not make." *Id.* ¶ 76; *see also id.* ¶ 45 ("Plaintiff would not have made the purchase if she had known that Shake Shack would tack on additional fees."). She seeks an order requiring Shake Shack to "to disgorge its unjust profits and make restitution to Plaintiff and Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204," the California Unfair Competition Law ("UCL"). *Id.* ¶ 78. A four-year limitations period applies to UCL claims. Cal. Bus. & Prof. Code § 17208.

20. Shake Shack estimates the revenue derived from food delivery orders placed via Shake Shack's website and mobile application from Shake Shack locations in California—*i.e.*, from sales that Plaintiff alleges she and the putative class members would not have made at all but for Shake Shack's purportedly deceptive conduct—for the four year period prior to the Complaint's filing to be $5,931,619. *See* Declaration of Steph So ("So Decl."), ¶¶ 4–5. CAFA's $5 million statutory threshold is satisfied on this basis alone. Shake Shack collected approximately $818,831 in fees associated with these orders. *Id.*

21. Plaintiff additionally seeks: (i) "punitive or exemplary damages"; (ii) "any and all injunctive relief the Court deems appropriate"; and (iii) an order "[a]warding Plaintiff their reasonable costs and expenses of suit, including attorneys' fees[.]" Compl. at 14–15. The amount of these requested punitive damages, fees and

costs, and costs of compliance with Plaintiff's requested injunction further enlarge the amount in controversy beyond $5,000,000—and by a potentially significant amount if applied to a putative class of "hundreds of thousands" of members.

22.     Accordingly, without Shake Shack conceding liability, the validity of Plaintiff's claim for relief, or appropriateness of class treatment in any respect, it can be reasonably assumed that the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

**D.     There is Minimal Diversity.**

23.     The Complaint's allegations satisfy the third requirement for removal under CAFA—minimal diversity—because "any member of a class of plaintiffs is citizen of a State different from [the] Defendant." 28 U.S.C. § 1332(d)(2)(A); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

24.     An individual is a citizen of the state in which she is domiciled. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000).

25.     Plaintiff's Complaint alleges that she "is a resident and a citizen of Los Angeles, California" and does not allege any alternative place of residence or state of citizenship. Compl. ¶ 11. The Complaint therefore establishes that she is a citizen of California for the purposes of the diversity of citizenship analysis.

26.     For purposes of establishing diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state

where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is a Delaware corporation with its principal place of business located in New York, New York. So Decl., ¶¶ 2–3; *see also* Compl. ¶ 12 ("Defendant Shake Shack Inc. is an American fast casual restaurant chain headquartered in New York, New York.") Defendant therefore is now—and was at the time of the filing of this action—a citizen of Delaware and New York for purposes of determining diversity jurisdiction under CAFA.

27. Therefore, diversity of citizenship exists under CAFA because at least one member of the putative class—Plaintiff—is a citizen of California, a state different than Defendant's state of incorporation and Defendant's principal place of business. 28 U.S.C. § 1332(d)(2)(A). Indeed, because Plaintiff seeks to represent a class consisting only of "consumers in California," all class members appear to be citizens of different states than Defendant. Compl. ¶ 47.

**III. VENUE AND INTRADISTRICT ASSIGNMENT**

28. Removal to this judicial district is proper because this district includes the County of Los Angeles, where the action is currently pending. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a). Removal to this division is proper because this division includes the County of Los Angeles. *See* 28 U.S.C. § 84(c)(2).

**IV. NOTICE TO THE SUPERIOR COURT AND TO PLAINTIFF**

29. Promptly after filing this notice of removal with this Court, Shake Shack will give written notice to Plaintiff's counsel and file a copy of this notice with the Clerk of the Los Angeles County Superior Court, as required by 28 U.S.C. §1446(d).

**V. CONCLUSION**

30. Removal to this Court is proper under CAFA. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8                    SHAKE SHACK'S NOTICE OF REMOVAL

Dated:        February 27, 2025              COOLEY LLP


                                             By: */s/ Michelle C. Doolin*
                                                  Michelle C. Doolin

                                             Attorney for Defendant
                                             SHAKE SHACK INC.