1  COOLEY LLP
   MICHELLE C. DOOLIN (179445)
2  (mdoolin@cooley.com)
   10265 Science Center Drive
3  San Diego, California 92121-1117
   Telephone: +1 858 550 6000
4  Facsimile: +1 858 550-6420

5  REECE TREVOR (316685)
   (rtrevor@cooley.com)
6  3 Embarcadero Center, 20th Floor
   San Francisco, CA 94111
7  Telephone: +1 415 693 2000
   Facsimile: +1 415 693-2222

8
   Attorneys for Defendant Shake Shack Inc.
9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12

13
   AVIVA COPAKEN, on behalf of          Case No. 2:25-CV-01734
14 herself and all others similarly situated,
                                         **DECLARATION OF MICHELLE C.**
15             Plaintiff,                **DOOLIN IN SUPPORT OF DEFENDANT**
                                         **SHAKE SHACK INC.'S NOTICE OF**
16        vs.                            **REMOVAL**

17 SHAKE SHACK INC.,

18             Defendant.

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

DECLARATION OF MICHELLE C. DOOLIN IN
SUPPORT OF DEFENDANT SHAKE SHACK
INC.'S NOTICE OF REMOVAL

I, Michelle C. Doolin, hereby declare as follows:

1.     I am an attorney admitted to practice law in the State of California and a partner at Cooley LLP, counsel for Shake Shack, Inc. ("Shake Shack").  Except as otherwise noted, I have personal knowledge of the facts herein and if called to testify, could and would testify competently hereto.

2.     I submit this declaration in support of Shake Shack's Notice of Removal filed herewith.

3.     On December 16, 2024, Plaintiff Aviva Copaken, sued Shake Shack in the Superior Court of the State of California for the County of Los Angeles ("Superior Court").  The Complaint is styled *Aviva Copaken, on behalf of herself and all other similarly situated, v. Shake Shack Inc.*, Case No. 24STCV33113.  Alongside the Complaint, Plaintiff filed a Civil Case Cover Sheet and the Declaration of Jeffrey D. Kaliel.  True and correct copies of the Complaint, the Superior Court Civil Case Cover Sheet, and the Declaration of Jeffrey D. Kaliel are attached hereto as **Exhibit 1**.

4.     That same day, the Clerk's office for the Superior Court issued and filed a Summons, Notice of Case Assignment, and Alternative Dispute Resolution Packet.  True and correct copies of these documents are attached as **Exhibit 2** to this declaration.

5.     On December 24, 2024, the Clerk's office for the Superior Court filed an Initial Status Conference Order, Order of Complex Case Determination, and Certificate of Mailing.  True and correct copies of these documents are attached as **Exhibit 3** to this declaration.

6.     On February 3, 2025, I executed and returned a Notice of Acknowledgment of Receipt of Summons pursuant to § 415.30 of the California Code of Civil Procedure.  A true and correct copy of the Notice of Acknowledgment of Receipt of Summons, as filed in the Superior Court by Plaintiff's counsel, is attached as **Exhibit 4** to this declaration.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2

DECLARATION OF MICHELLE C. DOOLIN
IN SUPPORT OF DEFENDANT SHAKE SHACK
INC.'S NOTICE OF REMOVAL

7.    **Exhibits 1, 2, 3, and 4** comprise all pleadings, process, and orders filed in the Superior Court and served upon Shake Shack in this matter to date. A true and correct copy of the Superior Court docket is attached hereto as **Exhibit 5**.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:        February 27, 2025            COOLEY LLP

By: */s/ Michelle C. Doolin*
Michelle C. Doolin

Attorney for Defendant
SHAKE SHACK INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

DECLARATION OF MICHELLE C. DOOLIN
IN SUPPORT OF DEFENDANT SHAKE SHACK
INC.'S NOTICE OF REMOVAL

EXHIBIT INDEX

| Date | Document Description | Exhibit No. |
|------|---------------------|-------------|
| December 16, 2024 | Superior Court Complaint; Declaration of Jeffrey D. Kaliel | 1 |
| December 16, 2024 | Summons; Notice of Case Assignment; Alternative Dispute Resolution Packet | 2 |
| December 24, 2024 | Initial Status Conference Order; Order of Complex Case Determination; Certificate of Mailing | 3 |
| February 3, 2025 | Notice of Acknowledgment of Receipt of Summons | 4 |
| February 27, 2025 | State Court Registrar of Actions | 5 |

# EXHIBIT 1

Jeffrey D. Kaliel (SBN 238293)
Sophia Goren Gold (SBN 307971)
**KALIEL GOLD PLLC**
490 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-4783
jkaliel@kalielpllc.com
sgold@kalielgold.com

Scott Edelsberg (SBN 330990)
**EDELSBERG LAW, P.A.**
1925 Century Park E, #1700
Los Angeles, California 90067
Telephone: (305) 975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Class*

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/16/2024 4:35 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| AVIVA COPAKEN, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>SHAKE SHACK INC.,<br><br>       Defendant. | Case No. 24STCV33113<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Aviva Copaken ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action complaint against Defendant Shake Shack Inc. ("Defendant" or "Shake Shack"). Plaintiff makes the following allegations based upon, *inter alia*, the investigation made by her counsel, and based upon information and belief, except as to those allegations specifically pertaining to Plaintiff which are based on her personal knowledge and alleges the following:

## PRELIMINARY STATEMENT

1.    This is a proposed class action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant Shake Shack Inc. arising from its use of deceptive fees on orders through its website and app.

2.    When consumers seek to order food delivery through Shake Shack's website and/or app, Shake Shack prominently advertises pricing that is drastically altered by the time the payment screen populates. On the payment screen consumers are surprised with a so-called "Courier Fee" and "Service Fee" (collectively "Fees").

3.    As discussed in detail herein, the assessment of these Fees is deceptive and unfair, since, a) Shake Shack does not disclose these added Fees until the very last step in the multi-step purchasing process; b) the Fees themselves are deceptively named and described; and c) for orders for delivery, Shake Shack represents that the fee for delivery is just $1.99.

4.    The deceptive addition of the "Courier Fee" and "Service Fee" renders Shake Shack's advertised pricing false.

5.    Shake Shack misrepresents the actual costs of food and its delivery service to consumers.

6.    Shake Shack omits and conceals material facts about Shake Shack's food and delivery service, never once informing consumers in any disclosure, at any time, that they will incur on all orders a "Service Fee" and for delivery orders, a "Courier Fee" in addition to the Delivery Fee advertised at $1.99.

7.    Hundreds of thousands of Shake Shack customers like Plaintiff have been assessed hidden fees for which they did not bargain.

8.    Consumers like Plaintiff reasonably understand Shake Shack's advertised price to disclose the total cost they will pay for their food and to have their food delivered.

9.    By unfairly obscuring its true costs, Shake Shack deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true prices and fees.

10.    Plaintiff seeks damages and, among other remedies, injunctive relief that fairly allows consumers to decide whether they will pay Shake Shack's surreptitiously added-on fees.

CLASS ACTION COMPLAINT

Exhibit 1, Page 000007

**PARTIES**

11.    Plaintiff Aviva Copaken is a resident and a citizen of Los Angeles, California.

12.    Defendant Shake Shack Inc. is an American fast casual restaurant chain headquartered in New York, New York.

**JURISDICTION AND VENUE**

13.    This Court has jurisdiction over Defendant and the claims set forth below pursuant to Code of Civil Procedure § 410.10 and the California Constitution, Article VI § 10, because this case is a cause not given by statute to the other trial courts.

14.    Plaintiff is informed and believes that the State of California has personal jurisdiction over the Defendant named in the action because Defendant is a company authorized to conduct and does conduct business in this State. Defendant is registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market, including in the County of Los Angeles, which has caused both obligations and liability of Defendant to arise in the County of Los Angeles.

15.    The amount in controversy exceeds the jurisdictional minimum of this Court.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

**A.    Shake Shack's Website Fails to Bind Users to Any Terms of Service**

16.    When a consumer selects an item for purchase on the Shake Shack website, she then enters into a multi-step purchasing process in which she is shown screens that, in order:  1) show her shopping cart reflecting a subtotal; 2) require entry of contact information; and (3) require entry of payment information.

17.    During the multi-step process, users are never provided with Shake Shack's terms of service; are never required to view such terms of service; and are never required to affirmatively consent to terms of service.

**B.    Shake Shack Omits and Conceals Material Facts About the Costs of Food Delivery**

18.    First, because the "Service Fee" and "Courier Fee" are not disclosed until the final payment screen, Shake Shack misrepresents the cost of the food on which the consumer relies in

3

Exhibit 1, Page 000008

1    placing an order.

2        19.    Further, Shake Shack represents that the "Delivery Fee" for food delivery orders

3    placed on the website or app is just $1.99 – but this is false since it surreptitiously tacks on an

4    additional delivery fee described as the "Courier Fee."

5        20.    By assessing "Service Fees" to all food orders placed on Shake Shack's app or website,

6    the advertised price for any specific food item is false.

7        21.    Similarly, by assessing a "Courier Fee" on delivery orders, the $1.99 "Delivery Fee"

8    is false and intentionally misleading because it does not even represent the true added costs of

9    delivery.

10       22.    By unfairly obscuring its true fees to consumers, Shake Shack deceives consumers and

11   gains an unfair upper hand on competitors that fairly disclose their true fees. Indeed, other major fast-

12   food chains in the U.S. do not assess fees outside of those properly disclosed at the outset of a

13   consumer's order.

14       30.    In short, the disclosed item cost on Shake Shack's website and app is not accurate.

15   The *actual* cost for food and food delivery is the listed subtotal *plus* the "Service Fee" and "Courier

16   Fee" that Shake Shack deceptively adds late in the ordering process.

17       31.    Shake Shack does not inform consumers the true costs of its food and delivery service

18   and it misrepresents the price of any given food item, when in fact those costs are actually higher.

19       32.    Moreover, the additional fees assessed are never reasonably disclosed to consumers

20   until it shows up as a line item in their shopping cart—after the purchase process is largely complete.

21   This process fails to provide an adequate advance warning to customers that additional fees will be

22   imposed on their purchases.

23       33.    Many consumers do not notice these fees are being added to their order. Others believe

24   that they have no choice but to pay these fees. And others still notice the previously undisclosed fees

25   but decide to go through with the purchase anyway unsure of how it can be removed from their Cart

26   after it was automatically added: they have already invested substantial time and effort inputting their

27   information into the Shake Shack's system. So, it doesn't make sense to start over and research

28

4

CLASS ACTION COMPLAINT

whether there is a way to avoid these fees. The deceptive checkout practice has done its job and diverted the sale to Shake Shack.

34.    In any of these situations, the result is the same: a consumer who otherwise would have found a way to pay without paying the fees, ends up paying the fees. Defendant profits; Plaintiff and the class lose profits.

35.    This is a classic case of "Drip pricing". "Drip pricing" works because as research has shown, "our brains tend to fix on the price we first encountered even after we learn the total cost. And even when consumers learn about the hidden fees, they often pay up rather than shop around . . . because they figure that 'investing more time into searching for it will not be worthwhile.'" Santul Narkar, *It's a Great Deal, Before the 'Drip Pricing'*, New York Times, available at https://www.nytimes.com/interactive/2024/02/23/business/what-is-drip-pricing.html    (quoting Professor David Friedman of Willamette University).

36.    By unfairly obscuring its charges to consumers, Shake Shack deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true charges.

**D.    The Courier fee and Service Fee Are Junk Fees That Violate Federal Guidance**

37.    Shake Shack's fees are precisely the type of "Junk Fees" that has come under government scrutiny in recent years:

> Junk fees are fees that are mandatory but not transparently disclosed to consumers. Consumers are lured in with the promise of a low price, but when they get to the register, they discover that price was never really available. Junk fees harm consumers and actively undermine competition by making it impractical for consumers to compare prices, a linchpin of our economic system.

The White House, *The Price Isn't Right: How Junk Fees Cost Consumers and Undermine Competition*, March 5, 2024, available at https://www.whitehouse.gov/cea/written-materials/2024/03/05/the-price-isnt-right-how-junk-fees-cost-consumers-and-undermine-competition/#_ftnref3.

38.    As the Federal Trade Commission said recently in its effort to combat Junk Fees:

> [M]any consumers said that sellers often do not advertise the total amount they will have to pay, and disclose fees only after they are well into completing the transaction. They also said that sellers often misrepresent or do not adequately disclose the nature

1  or purpose of certain fees, leaving consumers wondering what they are paying for or if they are getting anything at all for the fee charged.

2  Fed. Trade Comm'n, *FTC Proposes Rule to Ban Junk Fees – Proposed rule would prohibit hidden*

3  *and falsely advertised fees*, October 11, 2023, available at https://www.ftc.gov/news-

4  events/news/press-releases/2023/10/ftc-proposes-rule-ban-junk-fees.

5      39.    In July of 2024, California expanded its Consumer Legal Remedies Act ("CLRA")

6  was amended to make illegal "drip pricing," which involves advertising a price that is less than the

7  actual price that a consumer will have to pay for a good or service. California Civil Code Section

8  1770(a)(29). Under the new California law, it is now illegal to advertise a low price for a product,

9  only for that product to be subject to additional or mandatory fees later. In other words, "the price

10  listed or advertised to the consumer must be the full price that the consumer is required to pay." *See*

11  California Department of Justice, Office of the Attorney General, *SB 478 Frequently Asked*

12  *Questions*,        available        at        https://oag.ca.gov/system/files/attachments/press-

13  docs/SB%20478%20FAQ%20%28B%29.pdf (last accessed July 18, 2024). As the California

14  Department of Justice stated:

15      Businesses are free to explain how they set their prices or to *subsequently* itemize the charges that make up the total price that they charge customers. However, the price

16      they advertise or display must be the total price that customers will have to pay for the good or service. Knowing the price of a good of service is essential to competition,

17      and displaying a price that is less than what the customer will actually be charged is deceptive.

18

19  *Id*. at p. 4 (emphasis added).

20      40.    In its 2013 publication ".com Disclosures: How to Make Effective Disclosures in

21  Digital Advertising, the FTC makes clear that when advertising and selling are combined on a

22  website, and the consumer will be completing the transaction online, the disclosures should be

23  provided before the consumer makes the decision to buy – for example, before the consumer "add[s]

24  to shopping cart." *See* Fed. Trade Comm'n, *How to Make Effective Disclosures in Digital Advertising*

25  at ii, 14 (Mar. 2013), available at https://www.ftc.gov/sites/default/files/attachments/press-

26  releases/ftc-staff-revises-online-advertising-disclosure-guidelines/130312dotcomdisclosures.pdf.

27

28

CLASS ACTION COMPLAINT

Exhibit 1, Page 000011

41.    Defendant violates federal guidance by adding the courier fee and service fee as line items well after the consumer "add[s] to shopping cart", and by failing to disclose the nature of these fees and whether consumers are getting any benefit at all from the fee charged.

**E.    Plaintiff Copaken's Experience**

42.    Plaintiff Copaken used the Shake Shack app to place a food delivery order on November 12, 2024.

43.    When using the website, Plaintiff was repeatedly informed that her cart total was $21.67.

44.    However, Plaintiff's purchase included a $2.17 "Service Fee" and $3.00 "Courier Fee" that—for the reasons described above—in fact represented additional food and delivery fees tacked on to Plaintiff's order.

45.    Plaintiff would not have made the purchase if she had known that Shake Shack would tack on additional fees.

46.    If she had known the true cost of her order, she would have chosen another method or merchant for ordering her food.

## CLASS ALLEGATIONS

47.    Plaintiff brings this action on behalf of herself and a Class of similarly situated persons. The Class is defined as follows:

> All consumers in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food through Shakeshack.com or the Shake Shack app, and were assessed so-called "Courier Fee" and/or "Service Fee".

48.    Excluded from the Class is Defendant, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families, and the presiding judge(s) in this case, and their staff. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

7

Exhibit 1, Page 000012

1      49.   **Numerosity**:  At this time, Plaintiff does not know the exact size of the Class;

2 however, due to the nature of the trade and commerce involved, Plaintiff believes that the Class

3 members are well into the thousands, and thus are so numerous that joinder of all members is

4 impractical.  The number and identities of Class members is administratively feasible and can be

5 determined through appropriate discovery in the possession of the Defendant.

6      50.   **Commonality**:  There are questions of law or fact common to the Class, which

7 include, but are not limited to the following:

        a.   Whether during the class period, Defendant deceptively represented its Fees for orders on Shakeshack.com and on the Shake Shack app;

        b.   Whether Defendant's alleged misconduct misled or had the tendency to mislead consumers;

        c.   Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

        d.   Whether Defendant's alleged conduct constitutes violations of the laws asserted;

        e.   Whether Plaintiff and members of the Class were harmed by Defendant's misrepresentations;

        f.   Whether Plaintiff and the Class have been damaged, and if so, the proper measure of damages; and

        g.   Whether an injunction is necessary to prevent Defendant from continuing to deceptively represent the amount for orders on Shakeshack.com and on the Shake Shack app.

      51.   **Typicality**:  Like Plaintiff, many other consumers ordered food for delivery from Shake Shack's website or mobile app, believing that the price reflected throughout the check-out process represented the total Plaintiff and other consumers would pay for their order. Plaintiff's claims are typical of the claims of the Class because Plaintiff and each Class member was injured by Defendant's false representations about the true nature of Shake Shack's food delivery service. Plaintiff and the Class have suffered the same or similar injury as a result of Defendant's false,

1  deceptive and misleading representations. Plaintiff's claims and the claims of members of the Class
2  emanate from the same legal theory, Plaintiff's claims are typical of the claims of the Class, and,
3  therefore, class treatment is appropriate.

4      52.    **Adequacy of Representation**:  Plaintiff is committed to pursuing this action and has
5  retained counsel competent and experienced in prosecuting and resolving consumer class actions.
6  Plaintiff will fairly and adequately represent the interests of the Class and does not have any interests
7  adverse to those of the Class.

8      53.    **The Proposed Class Satisfies Prerequisites for Injunctive Relief**. Defendant has
9  acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final
10  injunctive and equitable relief with respect to the Class as a whole. Plaintiff remains interested in
11  ordering food for delivery through Shake Shack's website; there is no way for her to know when or
12  if Defendant will cease deceptively misrepresenting the cost of delivery.

13      54.    Specifically, Defendant should be ordered to disclose the true costs of its food and
14  food delivery service.

15      55.    Defendant's ongoing and systematic practices make declaratory relief with respect to
16  the Class appropriate.

17      56.    **The Proposed Class Satisfies the Prerequisites for Damages**. The common
18  questions of law and fact enumerated above predominate over questions affecting only individual
19  members of the Class, and a class action is the superior method for fair and efficient adjudication of
20  the controversy.  The likelihood that individual members of the Class will prosecute separate actions
21  is remote due to the extensive time and considerable expense necessary to conduct such litigation,
22  especially when compared to the relatively modest amount of monetary, injunctive, and equitable
23  relief at issue for each individual Class member.

24                    **CAUSES OF ACTION**

25                  **FIRST CLAIM FOR RELIEF**
                       **Unjust Enrichment**
26                **(On Behalf of Plaintiff and the Class)**

27      57.    Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1-56 as if
28  fully set forth herein.

9

CLASS ACTION COMPLAINT

1    58.    To the detriment of Plaintiff and the Class, Defendant has been, and continues to be,

2    unjustly enriched as a result of its wrongful conduct alleged herein.

3    59.    Plaintiff and the Class conferred a benefit on Defendant when they paid Defendant the

4    Courier and Service Fees, which they did not agree to and could not reasonably avoid.

5    60.    Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits,

6    which under the circumstances, would be unjust to allow Defendant to retain.

7    61.    Defendant's unjust enrichment is traceable to, and resulted directly and proximately

8    from, the conduct alleged herein.

9    62.    Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained fees

10    received by Defendant as a result of its inequitable conduct as more fully stated herein.

11
**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law**
12    **(Cal. Bus. & Prof. Code § 17200, et seq.)**
**(On Behalf of Plaintiff and the Class)**
13

14    63.    Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1-56 as if

15    fully set forth herein.

16    64.    Defendant's conduct described herein violates the Unfair Competition Law ("UCL"),

17    codified at California Business and Professions Code section 17200, *et seq*.

18    65.    The UCL prohibits, and provides civil remedies for, unfair competition. Its purpose is

19    to protect both consumers and competitors by promoting fair competition in commercial markets for

20    goods and services. In service of that purpose, the Legislature framed the UCL's substantive

21    provisions in broad, sweeping language.

22    66.    The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally

23    or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such

24    practices occurred.

25    67.    A business act or practice is "unfair" under the UCL if it offends an established public

26    policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers,

27    and that unfairness is determined by weighing the reasons, justifications, and motives of the practice

28    against the gravity of the harm to the alleged victims.

68.    A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

69.    A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

70.    Defendant committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, by affirmatively and knowingly misrepresenting that the presence and nature of its Courier and Service fees.

71.    Defendant's acts and practices offend an established public policy of truthful advertising and fee disclosure in the marketplace, and constitute immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

72.    The harm to Plaintiff and the Class outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

73.    Defendant's conduct also constitutes an "unlawful" act under the UCL because it also constitutes a violation of sections 1770(a)(5) and (a)(9) of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code section 1750, *et seq.*

74.    Defendant's business practices have misled Plaintiff and the proposed Class and, unless enjoined, will continue to mislead them in the future.

75.    Plaintiff relied on Defendant's misrepresentations in making her purchase.

76.    By falsely marketing its food and food delivery services, Defendant deceived Plaintiff and Class members into making purchases they otherwise would not make.

77.    As a direct and proximate result of Defendant's unfair, fraudulent, and unlawful practices, Plaintiff and Class members suffered and will continue to suffer actual damages. Defendant's fraudulent conduct is ongoing and presents a continuing threat to Plaintiff and Class members that they will be deceived. Plaintiff desires to conduct further business with Defendant but cannot rely on Defendant's representations unless an injunction is issued.

78.    As a result of its unfair, fraudulent, and unlawful conduct, Defendant has been unjustly enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff and

11

Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

79.    Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff and the members of the Class, on behalf of the general public, seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their unfair, unlawful, and fraudulent practices.

80.    Plaintiff has no adequate remedy at law in part because Defendant continues to add Courier and Service fees to purchases. Plaintiff therefore seeks an injunction on behalf of the general public to prevent Defendant from continuing to engage in the deceptive and misleading practices described herein.

**THIRD CLAIM FOR RELIEF**
**False and Misleading Advertising**
**(Bus. & Prof. Code §§ 17500, et seq.)**
**(On Behalf of Plaintiff and the Class)**

81.    Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1-56 as if fully set forth herein.

82.    California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code section 17500, states that "[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

83.    Defendant's material misrepresentations and omissions alleged herein violate Business and Professions Code section 17500.

84.    Defendant knew or should have known that its misrepresentations and omissions were false, deceptive, and misleading.

85.    Pursuant to Business and Professions Code sections 17203 and 17500, Plaintiff and the members of the Class, on behalf of the general public, seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their deceptive practices.

86.    Further, Plaintiff requests an order awarding Plaintiff and Class members restitution

CLASS ACTION COMPLAINT

1    of the money wrongfully acquired by Defendant by means of said misrepresentations.

2       87.    Additionally, Plaintiff and the Class members seek an order requiring Defendant to

3    pay attorneys' fees pursuant to California Civil Code section 1021.5.

4                          **FOURTH CLAIM FOR RELIEF**
          **Violation of California's Consumer Legal Remedies Act ("CLRA")**
5                       **Cal. Civ. Code § 1750, *et seq.***
                       **(On Behalf of Plaintiff and the Class)**
6

7       88.    Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1-56 as if

8    fully set forth herein.

9       89.    This cause of action is brought pursuant to the Consumers Legal Remedies Act

10   (CLRA), California Civil Code § 1750, *et seq.*  Plaintiff and each member of the proposed Class are

11   "consumers" as defined by California Civil Code § 1761(d). Defendant's food delivery services

12   offered to consumers in exchange for payment are "transactions" within the meaning of California

13   Civil Code § 1761(e). The food purchased by Plaintiff and the Class are "goods" within the meaning

14   of California Civil Code § 1761(a).

15      90.    Defendant violated and continues to violate the CLRA by engaging in the following

16   practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class

17   which were intended to result in, and did result in, the sale of food:

18          a.   "Misrepresenting the affiliation, connection, or association with, or

19               certification by, another" (a)(3);

20          b.   "Representing that goods or services have . . . characteristics . . . that they do

21               not have" (a)(5);

22          c.   "Advertising goods or services with intent not to sell them as advertised"

23               (a)(9);

24          d.   "Representing that a transaction confers or involves rights, remedies, or

25               obligations that it does not have or involve, or that are prohibited by law"

26               (a)(14)

27          e.   "Advertising that a product is being offered at a specific price plus a specific

28               percentage of that price unless (A) the total price is set forth in the

                                          13

Exhibit 1, Page 000018

advertisement, which may include, but is not limited to, shelf tags, displays, and media advertising, in a size larger than any other price in that advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product" (a)(20); and

  f. "Advertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges" (a)(29).

91. Specifically, Shake Shack falsely advertised the price of any given food item on its website. Shake Shack failed to inform consumers in any disclosure, at any time, that the so-called "Courier Fee" and "Service Fee" would be tacked on to their purchase total at the last possible opportunity.

92. At no time does Defendant disclose the true nature of its Courier Fee and Service Fee; instead, it repeatedly conceals and misrepresents this material information at several steps of the transaction process.

93. Pursuant to § 1782(a) of the CLRA, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by §1782, Plaintiff will move to amend her Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against Defendant.  As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

94. Plaintiff also seek public injunctive relief, as described above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the members of the Class seek an Order:

1. Certifying the proposed Class;

2. Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

14

CLASS ACTION COMPLAINT

1    3.    Declaring the Defendant has committed the violations of law alleged herein;

2    4.    Providing for any and all injunctive relief the Court deems appropriate;

3    5.    Awarding statutory damages in the maximum amount for which the law provides;

4    6.    Awarding monetary damages, including but not limited to any compensatory,

5    incidental, or consequential damages in an amount that the Court or jury will determine, in accordance

6    with applicable law;

7    7.    Providing for any and all equitable monetary relief the Court deems appropriate;

8    8.    Awarding punitive or exemplary damages in accordance with proof and in an amount

9    consistent with applicable precedent;

10    9.    Awarding Plaintiff their reasonable costs and expenses of suit, including attorneys'

11    fees;

12    10.    Awarding pre- and post-judgment interest to the extent the law allows; and

13    11.    Providing such further relief as this Court may deem just and proper.

14    **<u>DEMAND FOR JURY TRIAL</u>**

15    Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this

16    complaint that are so triable as a matter of right.

17    Dated: December 16, 2024          **KALIELGOLD PLLC**

18

19                                    `

20    By:_____
                                      Jeffrey D. Kaliel
21                                    Sophia Goren Gold

22                                    Scott Edelsberg (SBN 330990)
                                      **EDELSBERG LAW, P.A.**
23

24

25

26

27

28

15

CLASS ACTION COMPLAINT

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Jeffrey D. Kaliel (238293); Sophia Goren Gold (307971) KalielGold PLLC<br>490 43rd Street, No. 122, Oakland, CA 94609<br><br>TELEPHONE NO.: (202) 350-4783        FAX NO.: (202) 871-8180<br>EMAIL ADDRESS: jkaliel@kaliellpllc.com; sgold@kalielpllc.com<br>ATTORNEY FOR *(Name):* Plaintiff Aviva Copaken | **FOR COURT USE ONLY**<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/16/2024 4:35 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By C. Vega, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
AVIVA COPAKEN v. SHAKE SHACK, INC.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited         [ ] Limited<br>(Amount              (Amount<br>demanded            demanded is<br>exceeds $35,000)    $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24STCV33113 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary    b. [x] nonmonetary; declaratory or injunctive relief    c. [x] punitive
4. Number of causes of action *(specify):* 1-Unjust Enrichment, 2-Violation of Cal. Bus Code§ 17200; 3-False Advertising; 4-CLRA
5. This case [x] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 16, 2024
JEFFREY D. KALIEL
_____
(TYPE OR PRINT NAME)                                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

Exhibit 1, Page 000021

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit 1, Page 000022

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of this form when finished.

| SHORT TITLE: | CASE NUMBER |
|---|---|
| COPAKEN v. SHAKE SHACK, INC. | 24STCV33113 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| **Applicable Reasons for Choosing Courthouse Location (see Column C below)** |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE:<br>COPAKEN v. SHAKE SHACK, INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont d.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04 (Rev. 03/06)

LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 2 of 4

Exhibit 1, Page 000024

| SHORT TITLE: COPAKEN v. SHAKE SHACK, INC. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>COPAKEN v. SHAKE SHACK, INC. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>11663 Kiowa Avenue, Apt. 309 | |
|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90049 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Los Angeles Superior Court  (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: ___December 16, 2024___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| Print This Form | To protect your privacy, please press the Clear This Form button after you have printed this form. | Clear This Form |
|---|---|---|

1  Jeffrey D. Kaliel (SBN 238293)
   Sophia Goren Gold (SBN 307971)
2  **KALIEL GOLD PLLC**
   490 43rd Street, No. 122
3  Oakland, California 94609
   Telephone: (202) 350-4783
4  jkaliel@kalielpllc.com
   sgold@kalielgold.com
5
   Scott Edelsberg (SBN 330990)
6  **EDELSBERG LAW, P.A.**
   1925 Century Park E, #1700
7  Los Angeles, California 90067
   Telephone: (305) 975-3320
8  scott@edelsberglaw.com

9
   *Counsel for Plaintiff and Proposed Class*
10

11

**Electronically FILED by
Superior Court of California,
County of Los Angeles
12/16/2024 4:35 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk**

12            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                 **FOR THE COUNTY OF LOS ANGELES**

14

15  AVIVA COPAKEN, on behalf of herself and      Case No. 24STCV33113
    all others similarly situated,
16                                               **DECLARATION OF JEFFREY D.
                        Plaintiff,              KALIEL RE PROPER VENUE [Cal. Civ.
17                                               Code § 1780(d)]**
            vs.
18
    SHAKE SHACK INC.,
19
                        Defendant.
20

21

22

23

24

25

26

27

28

DECLARATION OF JEFFREY D. KALIEL REGARDING PROPER VENUE [CAL. CIV. CODE § 1780(d)]

1            **DECLARATION OF JEFFREY D. KALIEL**

2        I, Jeffrey D. Kaliel, declare as follows:

3        1.     I am an attorney at law and the founding partner of the law firm KalielGold PLLC I

4 have personal knowledge of the matters stated herein except those matters stated on information and

5 belief, which I believe to be true.

6        2.     I am the attorney representing Plaintiff in the above-captioned action and submit this

7 declaration pursuant, which is based in part on violation of the California Unfair Competition Law,

8 Cal. Bus. & Prof. Code § I 7200, *et. seq*. and the Consumers Legal Remedies Act, California Civil

9 Code § 1750, *et. seq*.

10        3.     This Class Action Complaint has been filed in the proper place for trial of this action

11 because the named Defendant is doing business in Los Angeles County and one or more of the

12 transactions that form the basis of this action occurred in Los Angeles County.

13        4.     I am informed and believe that Los Angeles County is the county where Plaintiff's

14 transaction or substantial portion thereof occurred.

15        I declare under penalty of perjury under the laws of the State of California that the foregoing

16 is true and correct.

17        Executed on 16th day of December, 2024, at Washington, D.C.

18

19

20                    JEFFREY D. KALIEL

21

22

23

24

25

26

27

28

DECLARATION OF JEFFREY D. KALIEL REGARDING PROPER VENUE [CAL. CIV. CODE § 1780(d)]

Exhibit 1, Page 000028

# EXHIBIT 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SHAKE SHACK INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AVIVA COPAKEN, on behalf of herself and all others similarly situated,

<div style="float:right">
FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)<br><br>
Electronically FILED by<br>
Superior Court of California,<br>
County of Los Angeles<br>
12/16/2024 4:35 PM<br>
David W. Slayton,<br>
Executive Officer/Clerk of Court,<br>
By C. Vega, Deputy Clerk
</div>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court

111 North Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
**24STCV33113**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey D. Kaliel, KalielGold PLLC, 490 43rd Street, No. 122, Oakland, California 94609 (202) 350-4783

DATE:
*(Fecha)* 12/16/2024

Clerk, by David W. Slayton, Executive Officer/Clerk of Court , Deputy
*(Secretario)* C. Vega *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/16/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Vega _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV33113 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Laura A. Seigle | 17 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 12/17/2024 _____
      (Date)

David W. Slayton, Executive Officer / Clerk of Court

By C. Vega _____, Deputy Clerk

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

Exhibit 2, Page 000031

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

Exhibit 2, Page 000033

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

    a.  **The Civil Mediation Vendor Resource List**
        If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

        **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

        **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

    b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

        **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

    c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT 3

FILED
Superior Court of California
County of Los Angeles

DEC 2 4 2024

David W. Slayton, Executive Officer/Clerk of Court

By: R. Lindsey, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| AVIVA COPAKEN, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED<br><br>          Plaintiff,<br><br>     vs.<br><br>SHAKE SHACK INC.<br><br>         Defendant. | Case No. 24STCV33113<br><br>INITIAL STATUS CONFERENCE ORDER (COMPLEX CASES/CLASS ACTIONS)<br><br>Dept. 17<br>Spring Street Courthouse<br>Hon. Laura A. Seigle |

This Initial Status Conference Order (Complex / Class Actions) supplements a Minute Order served concurrently herewith. That Minute Order sets a date and time for the Initial Status Conference and includes other provisions which are not repeated in this Order. Counsel should review that Minute Order carefully to be fully informed of your obligations and the processes used in the Los Angeles Superior Court Complex Courtrooms.

Pending further order, the following is ordered:

**I.**    **Initial Status Conference**

Counsel for all parties shall appear for an Initial Status Conference ("ISC") per the Minute Order served concurrently herewith.

Exhibit 3, Page 000036

1  Counsel representing a party at the ISC or any other status conference should be fully familiar
2  with the facts as then understood and be able to make binding agreements respecting case
3  management.

4  Parties presently engaged in mediation or who have a secured a date with a mediator for
5  mediation may stipulate to one continuance of the ISC, provided they also agree upon an e-service
6  provider, as set forth in Item 8, below, and include the name of the provider and the date of the
7  mediation in their Stipulation for Continuance.  It is expected that parties using this procedure will
8  timely exchange such information as is necessary to have a productive mediation and that the
9  mediation will go forward as scheduled.

10  At the ISC, the Court will discuss case management, set dates for motions, and invite the
11  parties to propose procedures to enhance efficiency and avoid duplicative or unnecessary
12  expenditures of time. Counsel attending shall be prepared to address these issues.

13  At least ten (10) days prior to the ISC, all counsel shall meet, preferably by use of telephone
14  and/or video technology, to discuss case management.  Plaintiff's counsel shall take the lead in
15  preparing a joint ISC Statement and ensuring that it is filed at least five (5) court days prior to the
16  ISC.  To the extent the parties are unable to agree on a joint submission, each party may separately
17  present a brief statement of its position.  If any party who has been served with this Order declines to
18  participate, all other parties shall file an ISC statement.

19  The ISC Statement shall contain the following in the following order:

20  1.  A succinct description of the facts of the case as then known. In wage and hour cases
21  the nature of the employee's work, the employer's business, and the specific factual
22  bases for claims under the Labor Code shall be provided. Citations to relevant statutes
23  and pending appellate cases that may impact the case shall be provided.

24  2.  A discussion of any issues of jurisdiction, venue, contractual arbitration/judicial
25  reference that any party intends to raise and the meet and confer efforts to date on
26  these issues.  Prior to the ISC any party seeking arbitration shall have provided a copy
27  of the applicable agreement to arbitrate to the opposing party and a decision should
28  have been made as to whether a motion to compel arbitration will be filed.  Dates for

2

ISC ORDER

1    any motions involving challenges to jurisdiction, venue, the pleadings, or referrals to

2    arbitration will be set at the ISC.

3    3.    Counsel should address issues such as an agreement to share the cost of class

4    notice/opt out procedures, the adequacy of class representatives, and potential

5    conflicts of interest among class representatives.

6    4.    Whether the action incorrectly identifies the name of any party and whether any party

7    intends to add parties or causes of action by way of amendment, cross-complaint, or

8    the like.

9    5.    The names, addresses, telephone, email, and facsimile numbers of all counsel and the

10    parties they represent.

11    6.    Any basis for the Court's recusal or disqualification.

12    7.    A discussion of the identity of entities or persons other than those shown in the

13    pleadings that may have a significant financial or other interest in the proceedings.

14    8.    A joint recommendation for an e-service provider for inclusion in the Court's order for

15    initiation of e-service.  The parties must employ an agreed e-service provider.  The

16    parties shall identify the appointed e-service provider in the caption of each filing.

17    9.    A brief description of any related cases pending in other courts or anticipated for

18    future filing.

19    10.    Whether there is insurance coverage for the dispute.

20    11.    A plan to preserve evidence, to deploy a uniform system for identification of

21    documents, and to protect confidentiality by, for example, executing a protective

22    order.

23    12.    A preliminary discovery plan, with dates, reflecting the parties' consideration of

24    phased discovery, e.g., limiting initial discovery to a significant or dispositive issue as

25    a predicate to an important early ruling or meaningful participation in an early

26    mediation.   In class actions, the parties should address whether discovery should

27    initially be limited to class certification issues.

28    13.    Where appropriate, the parties should outline a process for managing discovery of

electronically stored information (ESI) by, for example, scheduling a meeting among counsel and the parties' information technology consultants in order to address (1) the information management systems employed by the parties; (2) the location and custodian(s) of information likely to be subject to production (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; and (5) appropriate search criteria for focused requests.

14. Any proposed mechanism for and the timing of mediation and/or mandatory settlement conferences to assist in resolution of the case.

15. Any issues regarding publicity which the Court should consider.

16. Recommended dates and times for trial, filing of motions for class certification, alternative dispute resolution, and deadlines (and proposed briefing schedules) for filing other anticipated motions.

17. A recommended date for the next Status Conference.

## II.    **Reminders And Other Information**

1. It is the joint responsibility of counsel to file a joint status conference statement for all status conferences scheduled after the ISC, which statement shall be filed five (5) court days in advance of the status conference.

2. Counsel may secure dates for motions by calling the Courtroom Assistant. Counsel should have jointly discussed any likely contested motion with each other and the Court before it is filed so that, if possible, the matter may be resolved or narrowed by agreement or, if filed, an appropriate briefing schedule is set.

3. Unless otherwise ordered, counsel may appear remotely for all appearances. Please be in a quiet place and note that a party speaking may not hear simultaneous speech in the courtroom. Please speak slowly and pause frequently. Each counsel should advise the others at least 24 hours in advance as to whether an appearance will be remote or in

Exhibit 3, Page 000039

1   person.

2   4.   Any message on the message board for the Court should be joint and neutral in tone.

3       Absent good cause shown no unilateral postings are appropriate.

4   5.   In the ordinary course, discovery motions will not be heard without an Informal

5       Discovery Conference (IDC) pursuant to Cal. Code of Civ. Pro. § 2016.080. Counsel

6       may arrange for an IDC by jointly posting a request on the e-service provider's

7       message board.  If all counsel are not in agreement, counsel may request an IDC by

8       filing LACIV094.  Unilateral requests for IDC by message board are not appropriate.

9   6.   Specific direction as to the matters to be provided to the Court for the IDC and the

10       timing of same will be given at the time the IDC is arranged and may vary depending

11       on the nature of the dispute.  Unless otherwise ordered, IDC are held by

12       LACourtConnect and off the record.

13   7.   It is the responsibility of all counsel to notify the Court promptly of any related case

14       and to secure a ruling thereon. See Cal. Rules of Court, Rule 3.300 et. seq. This

15       responsibility is on-going. A Notice of Related Case may be filed prior to the stay

16       being lifted in this action.

17   8.   Posting documents to the e-service provider does not constitute filing a document.

18       See the Minute Order for further terms re efiling.

19   9.   Counsel desiring a protective order should consult the model on the court's website

20       and provide a redlined copy if deviations are made from same.  See "Helpful Guidance

21       From the Complex Litigation Judges" on the Complex Litigation webpage link

22       provided in the Minute Order.

23   10.   Any future stay ordered by the Court for purposes of case management is not a stay

24       under Code of Civil Procedure § 583.310 unless the Court so orders.

25   11.   The dismissal of a class action requires court approval. Cal. Rules of Court, Rule

26       3.770(a).  Counsel must submit a declaration setting forth, among other things, the

27       reasons why a party seeks a dismissal in a class action and any and all consideration

28       given in exchange for the dismissal.

5
ISC ORDER

Exhibit 3, Page 000040

12.     Settlement of claims filed under the Private Attorney General Act (PAGA) (whether or not filed as part of a class action) require notice to the Labor and Workforce Development Agency. Labor Code § 2699 (l)(2).  A noticed hearing, with proof of service to LWDA and a proposed Order, is required to secure approval of the settlement of a PAGA claim.  Settlements that include dismissal of a PAGA claim require that the Court be advised of the specific terms of any release of the PAGA claim and the consideration, if any, for same.

13.     To obtain approval of a class action settlement, the parties should consult the Guidelines for Motions for Preliminary and Final Approval posted on the court's website under Tools for Litigators, as well as the posted model settlement agreements. See the link to same in the Minute Order served concurrently herewith.

## III.     Notice of the ISC Order

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order.  If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order.

Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number). The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

DATED: 12/24/2024

*Laura Seigle*

LAURA A. SEIGLE
Judge of the Los Angeles Superior Court

Exhibit 3, Page 000041

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 17

**24STCV33113**                                                    December 24, 2024
**AVIVA COPAKEN, ON BEHALF OF HERSELF AND ALL**                            11:12 AM
**OTHERS SIMILARLY SITUATED vs SHAKE SHACK INC.,**


Judge: Honorable Laura A. Seigle              CSR: None
Judicial Assistant: Renika Lindsey            ERM: None
Courtroom Assistant: Valerie Gaytan           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Court Order Re: Complex Determination

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
03/07/2025 at 09:00 AM in this department. At least ten (10) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

---

Exhibit 3, Page 000042

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 17

24STCV33113                                                      December 24, 2024
AVIVA COPAKEN, ON BEHALF OF HERSELF AND ALL                      11:12 AM
OTHERS SIMILARLY SITUATED vs SHAKE SHACK INC.,


Judge: Honorable Laura A. Seigle              CSR: None
Judicial Assistant: Renika Lindsey           ERM: None
Courtroom Assistant: Valerie Gaytan          Deputy Sheriff: None

Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Exhibit 3, Page 000043

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 17

**24STCV33113**                                            December 24, 2024
**AVIVA COPAKEN, ON BEHALF OF HERSELF AND ALL**              11:12 AM
**OTHERS SIMILARLY SITUATED vs SHAKE SHACK INC.,**

Judge: Honorable Laura A. Seigle            CSR: None
Judicial Assistant: Renika Lindsey          ERM: None
Courtroom Assistant: Valerie Gaytan         Deputy Sheriff: None

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

Exhibit 3, Page 000044

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>12/24/2024<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ R. Lindsey _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Aviva Copaken | |
| DEFENDANT/RESPONDENT:<br>Shake Shack Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV33113 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Complex Determination) of 12/24/2024, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jeffrey D. Kaliel
Kaliel Gold PLLC
490 43rd Street
No. 122
Oakland, CA 94609

David W. Slayton, Executive Officer / Clerk of Court

Dated: 12/24/2024                    By:  R. Lindsey _____
                                              Deputy Clerk

Exhibit 3, Page 000045

# EXHIBIT 4

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 238293 | FOR COURT USE ONLY |
|---|---|---|

NAME: Jeffrey D. Kaliel
FIRM NAME: KalielGold PLLC
STREET ADDRESS: 490 43rd Street, No. 122
CITY: Oakland      STATE: CA      ZIP CODE: 94609
TELEPHONE NO.: (202) 350-4783      FAX NO.: (202) 871-8180
E-MAIL ADDRESS: jkaliel@kalielpllc.com
ATTORNEY FOR (Name): Plaintiff Aviva Copaken

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

**Electronically FILED by
Superior Court of California,
County of Los Angeles
2/03/2025 4:17 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Valenzuela, Deputy Clerk**

Plaintiff/Petitioner: AVIVA COPAKEN
Defendant/Respondent: SHAKE SHACK, INC.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:
24STCV33113 |
|---|---|

TO (insert name of party being served): SHAKE SHACK, INC.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 01/14/2024

Jeffrey D. Kaliel
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

      Civil Case Cover Sheet, Declaration of Jeffrey D. Kaliel re Venue, Initial Status Conference Order, Notice of Case
      Assignment, Order re Complex Case Determination

*(To be completed by recipient):*

Date this form is signed: 02/03/2025

_____                    ▶    _Michelle C. Doe_
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,            (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)            ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.



[ Print this form ]  [ Save this form ]   Exhibit 4, Page 000047   [ Clear this form ]

# EXHIBIT 5

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 24STCV33113

AVIVA COPAKEN, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED VS SHAKE SHACK INC.,

**Filing Courthouse:** Spring Street Courthouse

**Filing Date:** 12/16/2024
**Case Type:** Other Commercial/Business Tort (not fraud/ breach of contract) (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**03/07/2025** at 09:00 AM in Department 17 at 312 North Spring Street, Los Angeles, CA 90012
Initial Status Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

COPAKEN AVIVA - Plaintiff

KALIEL JEFFREY D. - Attorney for Plaintiff

SHAKE SHACK INC. - Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**
**02/03/2025** Notice and Acknowledgment of Receipt
Filed by Aviva Copaken (Plaintiff)

**12/24/2024** Initial Status Conference Order
Filed by Clerk

**12/24/2024** Certificate of Mailing for ((Court Order Re: Complex Determination) of 12/24/2024, Initial Status Conference Order)
Filed by Clerk

**12/24/2024** Minute Order ( (Court Order Re: Complex Determination))
Filed by Clerk

**12/16/2024** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

12/16/2024 Alternative Dispute Resolution Packet
Filed by Clerk

12/16/2024 Summons (on Complaint)
Filed by Aviva Copaken (Plaintiff)

12/16/2024 Civil Case Cover Sheet
Filed by Aviva Copaken (Plaintiff)

12/16/2024 Declaration (of Jeffrey D. Kaliel re Proper Venue [Cal. Civ. Code ¿ 1780(d)])
Filed by Aviva Copaken (Plaintiff)

12/16/2024 Class Action Complaint
Filed by Aviva Copaken (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

12/24/2024 at 11:12 AM in Department 17, Laura A. Seigle, Presiding
Court Order

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

02/03/2025 Notice and Acknowledgment of Receipt; Filed by: Aviva Copaken (Plaintiff); As to: Shake Shack Inc. (Defendant)

12/24/2024 Initial Status Conference scheduled for 03/07/2025 at 09:00 AM in Spring Street Courthouse at Department 17

12/24/2024 The case is placed in special status of: Deemed Complex

12/24/2024 The case is placed in special status of: Stay - Deemed Complex

12/24/2024 Initial Status Conference Order; Filed by: Clerk

12/24/2024 Minute Order (Court Order Re: Complex Determination)

12/24/2024 Certificate of Mailing for (Court Order Re: Complex Determination) of 12/24/2024, Initial Status Conference Order; Filed by: Clerk

12/24/2024 The case is removed from the special status of: Provisionally Complex ? Case Type

12/17/2024 Case assigned to Hon. Laura A. Seigle in Department 17 Spring Street Courthouse

12/16/2024 Class Action Complaint; Filed by: Aviva Copaken (Plaintiff); As to: Shake Shack Inc. (Defendant)

12/16/2024 Declaration of Jeffrey D. Kaliel re Proper Venue [Cal. Civ. Code ¿ 1780(d)]; Filed by: Aviva Copaken (Plaintiff); As to: Shake Shack Inc. (Defendant)

12/16/2024 Civil Case Cover Sheet; Filed by: Aviva Copaken (Plaintiff); As to: Shake Shack Inc. (Defendant)

12/16/2024 Summons on Complaint; Issued and Filed by: Aviva Copaken (Plaintiff); As to: Shake Shack Inc. (Defendant)

12/16/2024 Alternate Dispute Resolution Packet; Filed by: Clerk

12/16/2024 Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk

12/16/2024 The case is placed in special status of: Class Action

12/16/2024 The case is placed in special status of: Provisionally Complex ? Case Type