UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-01734-JLS-MAR | Date: March 07, 2025 |
| Title: Aviva Copaken v. Shake Shack Inc. | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

   Plaintiff Aviva Copaken filed this putative class action in Los Angeles Superior Court, asserting claims for (1) unjust enrichment; (2) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (3) violations of California's False and Misleading Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and (4) violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*  (Ex. 1 to Notice of Removal ("NOR"), Compl. ¶¶ 57–94, Doc. 1-1.) Defendant Shake Shack Inc. removed, citing this Court's jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  (NOR ¶ 9, Doc. 1.)

   CAFA requires, among other things, that the amount in controversy "exceed[ ] the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(2).  "A defendant's notice of removal to federal court must 'contain[ ] a short and plain statement of the grounds for removal," including the amount in controversy.  *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)).  Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy."  *Id.* § 1446(c)(2).  Where the plaintiff's complaint "does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-01734-JLS-MAR | Date: March 07, 2025 |
| Title: Aviva Copaken v. Shake Shack Inc. | |

plausible assertion of the amount at issue in its notice of removal." *Moe*, 73 F.4th at 761. Defendant bears "the burden to show that the amount-in-controversy requirement is met by a preponderance of the evidence." *Id.* at 762. "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 761 (quoting *Dart*, 574 U.S. at 87). Here, the plain allegations of the Complaint cause the Court to question the Defendant's claimed amount in controversy.

    Plaintiff's Complaint does not specify the damages sought, so Defendant was obligated to plausibly allege the amount in controversy. (*See* Compl.) Defendant asserts in its Notice of Removal that the amount-in-controversy exceeds $5,000,000. (NOR ¶¶ 15–22.) In support, Defendant submits a declaration from its Chief Growth Officer providing that Defendant's "revenue derived from delivery orders" during the time period alleged in the Complaint was "$5,931,619" for food and beverage purchases and "$818,831" for delivery, courier, and service fees. (So Decl. ¶ 5, Doc. 1-2.) Yet Defendant does not provide—and the Court is unaware of—any avenue through which Plaintiff would be entitled to damages associated with Defendant's revenue derived from all food and beverages purchases. Rather, the crux of Plaintiff's Complaint is that Defendant "obscure[s] its true [delivery] fees to consumers" because it assesses a "Service Fee" and "Courier Fee" on delivery orders placed on its app or website while representing that "the 'Delivery Fee' for food delivery … is just $1.99[.]" (*See* Compl. ¶¶ 19–22.) These allegedly "surreptitiously added on fees" form the basis of Plaintiff's claims. (*Id.* ¶ 10.) It appears to the Court that the amount in controversy less than $818,831 and far below CAFA's $5 million threshold. (*See* So Decl. ¶ 5; *see generally* Compl.)

    Accordingly, Defendant is ORDERED to show cause, in writing, no later than **five (5) days** from the date of this Order, why CAFA's amount-in-controversy requirement is met. Plaintiff has **five (5) days** thereafter to submit any response. No further briefing is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-01734-JLS-MAR                                         Date: March 07, 2025
Title:  Aviva Copaken v. Shake Shack Inc.

permitted.  The parties' briefing shall not exceed **five (5) pages**, not including any declaration(s).  Alternatively, a stipulation to remand will be an acceptable response.

                                                                                    Initials of Deputy Clerk: kd